UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                 DECISION AND ORDER
                                                           11-CR–78

MASHAMA J. HILL,
                      Defendant.

---

Defendant is charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2)(5). (Dkt. No. 5)  The charges arise from an incident at the Seneca Niagara Casino in Niagara Falls, New York, during which defendant became involved in an argument with other patrons and was found to be in possession of a firearm and ammunition.  The case was referred to Magistrate Judge Jeremiah J. McCarthy for supervision of all pre-trial proceedings.

Defendant made various pre-trial motions including a motion to suppress the physical evidence found in his possession on the night of his arrest.[1]  On February 15, 2013, Magistrate Judge McCarthy issued a Report, Recommendation and Order recommending that defendant's motion to suppress

---

[1]Defendant knowingly and voluntarily elected to proceed *pro se* on January 17, 2012.  (Dkt. No. 58)  Since that time, defendant has been representing himself *pro se*, with David Addelman, Esq. acting as defendant's standby counsel.  Mr. Addelman has been present at all proceedings to advise defendant.

physical evidence be denied. (Dkt. No. 95) The Report, Recommendation and Order also addressed a number of other motions including various requests for non-dispositive relief by defendant and the Government's cross-motion for reciprocal discovery. Defendant filed objections to the Report, Recommendation and Order, the Government filed a response, and oral argument was held before this Court. On July 19, 2013, this Court issued a Decision and Order adopting the findings set forth in the Report, Recommendation and Order in their entirety. (Dkt. No. 106)

On May 14, 2013, defendant filed a "motion for order of removal from present institution of confinement" requesting, among other things, that he be transferred to a different prison facility.[2] (Dkt. No. 103) At the time he filed the present motion, defendant had been incarcerated at Northern Neck Regional Jail in Virginia since December 17, 2012. In support of his motion for removal from this institution, defendant filed close to 200 pages of documents which include a memorandum of law, copies of numerous inmate grievances filed by defendant, medical reports and other documents. Defendant's 60-page memorandum of law sets forth, in great detail, his complaints regarding his incarceration at Northern Neck Regional Jail. His complaints include, *inter alia*, denial of law library access and supplies, denial of phone services, an inadequate dietary program,

---

[2] Defendant filed supplemental pleadings and documents in support of his motion on July 17, 2013 and August 22, 2013, all of which have been considered by this Court. (Dkt. Nos. 105 and 110)

2

inadequate clothing, inadequate access to commissary items, "inflated" commissary prices, inadequate recreation time, and inadequate heating and ventilation in his cell.

Defendant also claims that the cells at Northern Neck Regional Jail are overcrowded, that he has been denied "underclothes" and hygiene products, that he was subjected to an "unjustified blanket strip search policy" in violation of his Fourth Amendment rights, and that he was prevented from filing grievances.[3] Defendant also alleges that he has been denied access to adequate medical care, and that officials at the jail have "stolen" his mail and legal papers.[4] Defendant requests the following relief: (1) that he be transferred to another facility; (2) that his personal property not be confiscated by the U.S. Marshal's Service; and (3) that "the conditions under which he has suffered be attributable to cause a downward departure at sentencing."

The Government filed a response to defendant's motion on July 22, 2013. (Dkt. No. 108)  The Government states, upon information and belief, that defendant has been removed from several facilities and ultimately placed in Northern Neck Regional Jail as a result of his own disruptive and inappropriate

---

[3] Despite the fact that defendant claims he has been denied his constitutional right to file grievances, defendant attaches well over 50 pages of grievances that he has filed during his incarceration at Northern Neck Regional Jail.  These grievances include an administrative response or a response from the jail superintendent.

[4] Defendant's supplemental filings contain, *inter alia*, affidavits by other detainees at Northern Neck Regional Jail and additional medical records and reports.

conduct.[5] The Government also states that while the Court and the United States Marshal's Service ultimately determine defendant's placement, the defendant should not be afforded a transfer.

Oral argument on the motion for removal was held on August 5, 2013, and the Court considered the matter submitted. Immediately following oral argument, defendant was transferred from Northern Neck Regional Jail to Chautauqua County Jail in Chautauqua, New York. Defendant remains in custody at the Chautauqua County Jail at the present time.

In order for a federal court to exercise its judicial power, an actual case or controversy must exist at each stage of review and not only at the time the complaint is filed. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). In view of the fact that defendant is no longer incarcerated at Northern Neck Regional Jail, his motion to be transferred to anther facility is denied as moot. *See Mawhinney v. Henderson*, 542 F.2d 1 (2d. Cir. 1976) (appellant's request for an injunction restraining prison officials from violating his constitutional rights is moot, since appellant is no longer incarcerated at the facility in question); *Toliver v. N.Y.C. Department of Corrections*, 2010 U.S. Dist. LEXIS 134947 (SDNY 2010) (*pro se* prisoner's motion that the court order his transfer to a different facility mooted when court was notified in a letter that plaintiff had been transferred).

---

[5] According to the Government, Northern Neck Regional Jail has earned a reputation for the ability to oversee difficult inmates.

On August 12, 2013, plaintiff wrote a letter to this Court indicating that even though he had been transferred from Northern Neck Regional Jail, he "hopes that an order be issued that [he] never be returned to that institution by the U.S. Marshal's Service." (Dkt. No. 110) Defendant lacks standing to make this request.

Article III of the United States Constitution limits the jurisdiction of federal courts to resolve cases or controversies. *Manon v. Albany County*, 2012 U.S. Dist. LEXIS 180445 (NDNY 2012). An element of the case-or-controversy requirement is that a plaintiff bears the burden of establishing standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Standing consists of the following three elements: (1) an "actual or imminent" injury-in-fact that is a "concrete and particularized" harm to a "legally protected interest"; (2) causation that acts as a "fairly traceable" connection between the injury-in-fact and the alleged unlawful conduct; and (3) redressability, which is a non-speculative likelihood that the injury can be remedied by the relief requested. *Id*. at 560-61, 564. The "mootness doctrine" ensures that a litigant's "standing persists throughout the life of a lawsuit." *Amador v. Andrews*, 655 F.3d 89, 99-100 (2d. Cir. 2011).

Since there is no indication or evidence that the United States Marshal's Service intends to return defendant to Northern Neck Regional Jail, there is no actual or imminent injury for this Court to consider. In addition, since defendant is

5

not entitled, by law, to placement at any particular facility, there is no "legally protected interest" at risk here.  Thus, defendant's request for an order stating that he never be returned to Northern Neck Regional Jail is dismissed for lack of standing and mootness.

Defendant's remaining requests are also denied.   With respect to defendant's request that his "personal and legal property not be confiscated by the United States Marshal's Service", it appears that defendant is referring to certain medical records and other exhibits he intended to submit with his present motion.  Specifically, defendant's supplemental pleading refers to "missing exhibits that were once attached to this motion but have been stolen by the institution in which he seeks removal from."  Since defendant is no longer incarcerated at Northern Neck Regional Jail, any specific injunctive claims that defendant is attempting to make against the prison officials there, including claims regarding the confiscation of his personal or legal property, are dismissed as moot.  *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d. Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.")

Finally, the Court finds that defendant's contention that the "conditions under which he has suffered be attributable to cause a downward departure at sentencing" is both without merit and unripe for argument at the present time.  Pursuant to United States Sentencing Guidelines Section 5K2.2, a sentencing

court may, in certain circumstances, depart downward from a defendant's applicable guidelines range. The court must find, pursuant to Section 3553(b)(1) of Title 18 of the United States Code, that a mitigating circumstance exists. *See* U.S.S.G. §5K2.0. The Sentencing Guidelines Manual identifies certain mitigating circumstances which may support a departure, including where the victim's wrongful conduct contributed significantly to provoking the offense behavior, the defendant committed the crime in order to avoid a perceived greater harm, the defendant committed the offense because of serious coercion, blackmail, or duress, or the defendant had a significantly reduced mental capacity which contributed substantially to the commission of the offense. *See* U.S.S.G §§5K2.10-2K2.13.

A sentencing court may also consider a downward departure in certain circumstances where the defendant's conduct "represents a marked deviation by the defendant from an otherwise law-abiding life." *See* §5K2.20. In granting a departure on the basis of aberrant behavior, the sentencing court may consider a defendant's mental and emotional conditions, his employment record, his record of prior good works, his motivation for committing the offense, and his efforts to mitigate the effects of the offense. *See* §5K2.20 (Application Notes, Section 3).

Based upon the materials before the Court, the defendant has presented no evidence that the prison conditions at Northern Neck Regional Jail would be relevant or appropriate grounds for a downward departure at the time of his

7

sentencing.[6] However, since this matter is still in its pre-trial stages, it is premature for this Court to address any arguments with respect to sentencing. The Court denies defendant's request to grant a downward departure based upon the conditions at Northern Neck Regional Jail, without prejudice to defendant's ability to make all relevant and available arguments if and when he is sentenced.

For the foregoing reasons, defendant's "motion for order of removal from present institution of confinement" is denied in its entirety. The parties shall appear before this Court on Monday, September 9, 2013 at 2:00 pm for a status conference and/or meeting to set trial date.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 6, 2013

---

[6] The Court reminds the parties that defendant is, at this stage of the proceeding, presumed innocent and that sentencing factors are only being discussed insofar as they are relevant to defendant's own motion.